UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RENO WORTHINGTON,

        Petitioner,                          Case No. 08-20409
                                               Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER REJECTING REPORT AND RECOMMENDATION, OVERRULING
PETITIONER'S OBJECTION AND DIRECTING RESPONSE**

On August 8, 2008, an indictment was returned charging Reno Worthington with four
counts of distribution of a cocaine base, one count of possession of cocaine base with intent to
distribute, and one count of conspiracy to distribute cocaine base. Three months later, the
government filed a penalty enhancement notice pursuant to 21 U.S.C. § 851(a)(1) ("No person
who stands convicted of an offense under this part shall be sentenced to increased punishment by
reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty,
the United States attorney files an information . . . stating in writing the previous convictions to
be relied upon.").

The government's penalty enhancement notice established that Worthington had been
"convicted and sentenced on February 2, 1996 . . . of conspiracy to possess with intent to deliver
cocaine and crack cocaine; and also convicted and sentenced on October 1, 1991 . . . of delivery
or manufacture of cocaine less than 50 grams, both felony drug offenses." Penalty Enhancement
Information 1, ECF No. 18. The notice concluded, "Therefore, upon conviction for the drug
charge(s) in this case, the defendant will be subject to enhanced penalty provisions in the federal
criminal code." *Id.*

Instead of proceeding to trial, Worthington entered into a Rule 11 Plea Agreement (the Agreement) on January 14, 2009.  Pursuant to the Agreement, Worthington entered a plea of guilty on Count II of the indictment (distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1)).  Notably, the Agreement established that Worthington's sentencing guideline range was properly set as 262 to 327 months, Agreement 3, ECF No. 29, that he had earned a criminal history category score of IV, Agreement Worksheet C, and that he would be subject to a total offense level of 34 due to "the provision for Career Offender (§4B1.1)," Agreement Worksheet D.

Moreover, by signing the Agreement, Worthington agreed that "[t]here are no sentencing guideline disputes."  Agreement 3.  Further, the Agreement established that "[n]either party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets."  *Id*. at 4.  Worthington agreed that he could withdraw from the Agreement "if the Court decides to impose a Sentence higher than the maximum allowed by Part 3" and that "[t]his is the only reason for which defendant may withdraw from this agreement."  *Id*. at 7.  Finally, the Agreement provided that "[i]f defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as a part of this agreement."  *Id*. at 8.  In consideration for entering into the Agreement, the government agreed to dismiss five of the six counts against Worthington at the sentencing hearing.

On April 22, 2009, pursuant to the Agreement, Worthington was sentenced to a custodial term of 275 months in prison.  He subsequently appealed that sentence as "procedurally unreasonable."  *See United States v. Worthington*, 421 F. App'x 608, 609 (6th Cir. 2011).  The

Sixth Circuit disagreed and affirmed. *Id.* at 611. The court issued its opinion on May 4, 2011, and a mandate was issued on May 31, 2011.

Worthington brought a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on July 30, 2012. In the motion, he asserts that he is "serving enhanced time on a state prior conviction that was obtained illegally." Pet'r's Mot. 5, ECF No. 49. Worthington maintains that he is attempting to overturn his prior 1991 conviction because "the judge did not inform [him] on certain constitutional rights in acceptance of [his] guilty plea."[1] *Id.* He also indicates that a hearing on the issue was scheduled. *Id.* Worthington asserts no other grounds for relief.

Also on July 30, 2012, Worthington filed a letter on the Court's docket, requesting "that the Clerk's Office hold the petition in ABEYANCE until the state of Michigan has determined his post-conviction petition." July 23, 2012 Letter, ECF No. 51 (emphasis in original). Attached to the letter is an order, dated June 6, 2012, wherein the Saginaw County Circuit Court established that Worthington's motion for relief "will be denied, unless [Worthington] supplements it with a brief and evidentiary materials to support his contentions. . . . [Worthington] has until **AUGUST 1, 2012** to file the additional papers." July 23, 2012 Letter Ex. A (emphasis in original). According to the Saginaw County Circuit Court docket, Worthington filed additional papers on June 29, 2012, but his motion was ultimately denied on July 12, 2012. Worthington filed a notice of appeal on July 30, 2012.[2]

---

[1] After his sentence was affirmed on appeal, Worthington filed a motion for relief in the Saginaw County Circuit Court on November 9, 2011. He asserts, presumably (as access to the specific motion is not currently available), that his 1991 conviction violated his constitutional rights.

[2] *See People v. Worthington*, No.91-00426, http://www.saginawcounty.com/scripts/criminal_events.pl?caseyear=91&casenum=004626.

As noted, Worthington filed his motion to vacate in this Court that same day. The motion was referred to United States Magistrate Judge Charles E. Binder, and on August 9, 2012, Judge Binder issued a report recommending that Worthington's motion be denied,

> without a response from the United States attorney because Worthington cannot demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea," or a "fundamental defect which inherently result[ed] in a complete miscarriage of justice [or a] violation of due process."

Report & Recommendation 3, ECF No. 53 (citations omitted). To support this conclusion, Judge Binder established that "Worthington's motion hinges on his success in state court in having his 1991 conviction overturned," and cited the July 12, 2012 Opinion and Order from the Saginaw County Circuit Court denying Worthington's motion for relief. *Id*.

Worthington filed a timely objection to the report and recommendation on August 22, 2012. In the objection, he argues that Judge Binder's analysis is flawed because "the Magistrate Judge's R&R fails to address whether it had the authority to hold the petition in abeyance until the state matter have [sic] been exhausted." Pet'r's Obj. 4, ECF No. 54. Worthington indicates his attack on the 1991 conviction is currently pending.

It is not in dispute that this Court has authority to hold Worthington's petition in abeyance while he seeks exhaustion of state court claims. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Rather, the unique inquiry here is whether a stay is appropriate.

It is notable that Worthington's motion suggests that he only seeks to vacate his sentence, not the underlying conviction that resulted from his guilty plea. Thus, he attempts to reduce the sentence he received — based upon a sentencing guidelines range, criminal history score, and career criminal status that he expressly agreed were applicable — by revisiting the accuracy of

the agreed guidelines. Indeed, Worthington now attempts to attack the very conviction, and thus the resulting career offender status, that was a predicate for his sentence.

Judge Binder concluded that Worthington's motion to vacate should be dismissed without a response from the government. This Court disagrees. In fact, it is important to know how the government will respond to Worthington's stated intention to attack his career offender status (which the Agreement prohibited). Because Worthington is attempting to do so, whether the government wishes to "reinstate any charges that were dismissed as a part of this agreement," Agreement 8, must be established.

Accordingly, it is **ORDERED** that Judge Binder's report and recommendation, ECF No. 53, is **REJECTED**.

It is further **ORDERED** that Worthington's objection to the report, ECF No. 54, is **OVERRULED**.

It is further **ORDERED** that the government is **DIRECTED** to respond to Worthington's motion to vacate his sentence, ECF No. 49. The response will be due no later than **July 22, 2013**.

Dated: June 11, 2013

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and on Reno Worthington # 16644-039, FCI McKean, P.O. Box 8000, Bradford, PA 16701 by first class U.S. mail on June 11, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS